**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| LUIS FRANCISCO ARELLANO-URUENA, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. CIV-26-771-J |
| | ) | |
| JOSHUA JOHNSON, et al., | ) | |
| | ) | |
| Respondents. | ) | |

## ORDER

Petitioner Luis Francisco Arellano-Uruena, a noncitizen from Venezuela, filed a Petition for Writ of Habeas Corpus. [Doc. No. 1]. The matter was referred to United States Magistrate Judge Amanda L. Maxfield consistent with 28 U.S.C. § 636(b)(1)(B), (C). Judge Maxfield issued a Report and Recommendation recommending that the Court: (1) grant the Petition in part and (2) order Respondents to provide Petitioner with a bond hearing within seven days or otherwise release him. Judge Maxfield also recommended that the Court order the Government to bear the burden of proving, by clear and convincing evidence, that Petitioner is a flight risk and/or a danger to the community to justify continued detention. (Rep. & Rec.) [Doc. No. 10]. Respondents filed a timely objection (Obj.) [Doc. No. 11], triggering de novo review. *See Quint v. Vail Resorts, Inc.*, 89 F.4th 803, 808 (10th Cir. 2023). Petitioner did not object.

For the reasons discussed below, the Report and Recommendation is ADOPTED IN PART and DECLINED IN PART and the Petition is GRANTED IN PART to the extent it alleges Petitioner's lack of bond hearing violates federal law.

## I.    Background

Petitioner entered the United States in October 2023 and was shortly thereafter detained and released by Immigration and Customs Enforcement (ICE). Eventually, Petitioner filed a Form

I-589 Application for Asylum and for Withholding of Removal.  In March 2026, ICE officials arrested Petitioner on a warrant.  In his Petition, Petitioner asserts that his continued detention without a bond hearing violates the Immigration and Nationality Act (INA) and his Fifth Amendment due process rights.[1]

## II.      **Report and Recommendation**

In relevant part, Judge Maxfield concluded that (1) this Court has jurisdiction to consider Petitioner's claims, and (2) Petitioner's continued detention without a bond hearing violates the INA.  *See* Rep. & Rec. at 8-12.  On the latter finding, Judge Maxfield explained that Petitioner is not seeking admission as contemplated under 8 U.S.C. § 1225(b)(2)(A) and thus 8 U.S.C. § 1226(a) controls his detention.  *See id.*  As noted above, Judge Maxfield also found that the Government should bear the burden at the bond hearing.  *See id.* at 14-24.  Finally, Judge Maxfield found that the Court lacks jurisdiction to prohibit Petitioner's transfer to another ICE facility, *see id.* at 6-7, and noted that Petitioner's request for EAJA fees and costs was premature.  *See id.* at 5, n. 5.

## III.     **Analysis**

### A.      **Petitioner**

Petitioner did not object to the Report and Recommendation, thus waiving de novo review. *See Casanova v. Ulibarri*, 595 F.3d 1120, 1123 (10th Cir. 2010).  The Court therefore ADOPTS Judge Maxfield's recommendation to the extent she finds that (1) the Court lacks jurisdiction to prevent Petitioner's transfer to another ICE facility, and (2) Petitioner's request for EAJA fees and costs is premature.

---

[1] Because the Court grants Petitioner relief under the INA, it declines to address his constitutional claim.

### B.    Respondents

Respondents first object on grounds that the Court lacks jurisdiction under 8 U.S.C. § 1252(g).  *See* Obj. at 1-5.  On de novo review, this argument is rejected.  This Court and many others have already concluded that § 1252(g) does not strip the district court of jurisdiction.  *See Thabata v. Blanche*, No. CIV-26-531-J, 2026 WL 1495209, at *1 (W.D. Okla. May 28, 2026) (collecting cases).  No further discussion is warranted.

Respondents further object to Judge Maxfield's conclusion that § 1226(a) applies.  *See* Obj. at 5-10.  Although employing a de novo review, the Court again declines to engage in a lengthy analysis.  This Court, and indeed most courts in this circuit and nationwide, have repeatedly concluded that § 1226(a) controls in this situation.  *See Coreas v. Noem*, No. CIV-26-151-J, 2026 WL 541151, at *2 (W.D. Okla. Feb. 26, 2026) (collecting cases).  Others have disagreed, *see Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026); *Avila v. Bondi*, No. 25-3248, 2026 WL 819258 (8th Cir. Mar. 25, 2026); however, unless the Tenth Circuit and/or Supreme Court hold differently, the matter is well settled in this Court and further discussion is unwarranted.  Therefore, the Court finds that Petitioner is entitled to a bond hearing and Respondents' failure to provide one violates § 1226(a).

Finally, Respondents object to Judge Maxfield's conclusion that Petitioner's lack of hearing violates due process and that at any bond hearing, the burden should be on the Government.  *See* Obj. at 10-14.  However, the Court declines to address Petitioner's due process claim, *see supra* at 2, n. 1, thus mooting the objection.  Additionally, the Court finds that the issue of burden shifting is premature and not fit for adjudication at this stage.  *See Saidi v. Lyons*, No. CIV-26-738-J, 2026 WL 1333410, at *1 (W.D. Okla. May 13, 2026) (collecting cases).  Thus, the Court declines to issue an advisory opinion instructing application of a particular burden of proof.

**IV.**    <u>**Conclusion**</u>

For the reasons above, the Report and Recommendation [Doc. No. 10] is ADOPTED IN PART and Petitioner's Petition is GRANTED IN PART in so far as it alleges Respondents violated the INA.  The Court ORDERS Respondents to provide Petitioner with a bond hearing pursuant to 8 U.S.C. § 1226(a) within seven days of the date of this Order, or release Petitioner if no hearing occurs within that period.  The Report and Recommendation is further ADOPTED IN PART to the extent it concludes that (1) the Court lacks jurisdiction to prevent Petitioner's transfer to another ICE facility and (2) Petitioner's request for EAJA fees and costs is premature.

The Report and Recommendation is DECLINED IN PART as the Court declines to issue an advisory opinion regarding the burden of proof.

Respondents shall certify compliance within ten days of the date of this Order.

A separate judgment will enter.

IT IS SO ORDERED this 10th day of June, 2026.

BERNARD M. JONES, II
UNITED STATES DISTRICT JUDGE

4